**In the Matter of Carmine SPADA and Marian Mable Spada, dba Swinger Bookstore, Debtors.**

**Ralph BLAIR, Plaintiff,**

**v.**

**Carmine SPADA and Marian Mable Spada, dba Swinger Bookstore, Defendants.**

**Bankruptcy No. 182–02391.**

**Adv. No. 183–0398.**

United States Bankruptcy Court, E.D. California.

July 12, 1983.

John Sirabian, Fresno, Cal., for debtors-defendants.

Jeffrey L. Wall, Fresno, Cal., for plaintiff Ralph Blair.

OPINION

ECKHART A. THOMPSON, Bankruptcy Judge.

Prior to the filing of the above Chapter 13, the debtor had filed a Chapter 7 in which proceeding the debt sought to be discharged herein was held to be nondischargeable. The Chapter 7 was dismissed and later this Chapter 13 was filed. The question involved is can a debt which has been held to be nondischargeable be discharged in a subsequent Chapter 13 in which the debtor proposes to pay eleven cents on the dollar, which sum is as much as the creditor would receive in a Chapter 7?

Claimants argument is that the 13 was filed in bad faith because it was filed to discharge a nondischargeable debt. Frankly, the Court cannot see why filing a 13 to discharge a debt which has been held to be nondischargeable is any more reprehensible than filing a 13 to discharge a debt which is admittedly nondischargeable.

This court in the case of *Slade v. Bank of America,* 15 B.R. 910, 8 BCD 558 (Bkrtcy. 1981) was sustained by the appellate panel in a case in which a debt for embezzlement was held dischargeable in a Chapter 13 which proposed payment of five cents on the dollar. In that case, as in this case, the Chapter 13 was obviously filed to get rid of the nondischargeable debt.

This court almost invariably advises plaintiff's counsel at the preliminary hearings in dischargeability cases that plaintiffs are probably wasting their time and money in pursuing the case if the defendant is eligible to become a Chapter 13 debtor, since if the defendant loses the dischargeability suit he is almost certain to convert the Chapter 7 to a Chapter 13 so as to discharge the debt.

It is therefore the opinion of the Court that the debt is dischargeable.

This opinion may serve as the Findings of Fact and Conclusions of Law required by Rule 52 of the Federal Rules of Civil Procedure. Counsel for debtor is directed to prepare, serve and forward a judgment based thereon.

The clerk of this court is directed to serve copies of this order by U.S. mail upon the attorneys for the parties appearing in this cause.