In re Jimmy SHAYEB and
Milia Shayeb, Debtors.

Danny PIWOWARCZYK, Movant,

v.

Jimmy SHAYEB and Milia
Shayeb, Respondents.

Bankruptcy No. B–97–06327–PHX–RGM.

United States Bankruptcy Court,
D. Arizona.

Aug. 1, 1997.

Danny L. Piwowarczyk, Phoenix, AZ, pro se.

Danny Flynn, Phoenix, AZ, for Debtors.

Ralph McDonald, Phoenix, AZ, Chapter 13 Trustee.

### ORDER DENYING MOTION TO LIFT THE AUTOMATIC STAY TO ALLOW STATE COURT PROCEEDINGS TO CONTINUE

ROBERT G. MOOREMAN, Bankruptcy Judge.

This matter is before the Court pursuant to Danny Piwowarczyk's Emergency Motion to Lift the Automatic Stay and Debtor's Response thereto. A hearing was held July 7, 1997 after which the matter was taken under advisement. After due consideration of the pleadings, the record herein, and under the present posture of the case, the Court finds and concludes the following in making its decision.

1. Movant obtained a judgment on April 30, 1991 in Maricopa County Justice of the Peace Court, Case No. CV 90–02623–RA in the amount of $1,810.00 plus costs of $55.00 with interest at 10% from the date of judgment ("State Court judgment").

2. The State Court judgment was against the Debtors and the Debtors' son and his wife, George and Lena Shayeb.

3. Debtors, filed a Chapter 7 Bankruptcy case on July 24, 1992, Case No. 92–01775–PHX–RGM.

4. Debtors received a Chapter 7 discharge on June 17, 1992 and the Chapter 7 case was closed July 13, 1993.

5. Movant filed a Motion to re-open the Chapter 7 case on July 12, 1994 and the case was re-opened on July 25, 1994.

6. Movant filed an Adversary proceeding, No. 94–00601, on August 4, 1994 to determine the dischargeability of the State Court judgment against the Debtors. The Movant also filed Adversary No. 94–00600 at the

same time to determine the dischargeability of the State Court judgment against the Debtors' son and his wife.

7. The Bankruptcy Court consolidated the two Adversary proceedings on January 6, 1995 and the trial was heard by the Honorable George B. Nielsen in Adversary No. 94–00600.

8. The Court entered a non-dischargeability judgment in the consolidated Chapter 7 Adversary proceeding in favor of the Movant on July 30, 1996.

9. Debtor Jimmy Shayeb filed a Notice of Appeal on August 9, 1996 and the matter was referred to the Bankruptcy Appellate Panel. The Bankruptcy Appellate Panel dismissed the pending appeal on December 31, 1996 for lack of prosecution.

10. Debtors filed the instant Chapter 13 case on May 13, 1997.

11. Movant filed the Emergency Motion to Lift the Stay on May 16, 1997. Movant argues that the stay should be lifted to allow supplemental proceedings in the Maricopa County Justice Court to proceed. Movant's sole basis for the relief requested is that the debt has already been found to be non-dischargeable in the previous Chapter 7 Bankruptcy case filed by the Debtors.

 The Court finds and concludes that the non-dischargeability action previously obtained in the Debtor's Chapter 7 Bankruptcy case does not constitute cause to lift the stay in the present Chapter 13 Bankruptcy case. Congress has established specific exceptions to discharge following the completion of a confirmed Chapter 13 Plan. 11 U.S.C. § 1328(a). Upon the completion of all payments under the Chapter 13 Plan all debts are discharged except those provided under section 1322(b)(5), debts of the kind specified in paragraphs (5), (8), or (9) of section 523(a), or debts for restitution or criminal fine included in a criminal conviction. 11 U.S.C. § 1328(a). The Court finds and concludes that the State Court judgment does not fall into any of the specified exceptions to a Chapter 13 discharge provided by section 1328(a).

The Court finds and concludes that a debt which has been held to be non-dischargeable in a previous Chapter 7 case may be discharged in a subsequent Chapter 13 case, provided that a debtor is able to confirm a Chapter 13 Plan and that the terms of the Plan have been satisfied. *See Blair v. Spada (In re Spada)*, 32 B.R. 105 (Bankr. E.D.Cal.1983). Therefore, absent a showing that the filing of the subsequent Chapter 13 case is not a good faith filing or a substantial abuse of the Bankruptcy process, the Court finds on this record that cause has not been shown to lift the automatic stay.

Accordingly,

IT IS ORDERED denying the Motion to Lift the Automatic Stay.

IT IS SO ORDERED.